UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Patty S. Raynes, ) | Civil Action No.: 6:18-cv-02343-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Andrew M. Saul, Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Patty S. Raynes seeks judicial review, pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for disability insurance benefits ("DIB"). The matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) for the District of South Carolina. The Magistrate Judge recommends the Court remand Ms. Raynes's case back to the Commissioner for further proceedings. [ECF No. 23]. The Commissioner filed an objection to the R&R, and Plaintiff filed her reply. [ECF No. 25; ECF No. 26]. This Court now issues the following Order.

**Factual Findings and Procedural History**

Raynes filed an application for DIB on January 21, 2016, alleging she became unable to work due to major depressive disorder, generalized anxiety disorder, ADHD, and other social and mental disorders. The R&R adequately sets forth Raynes's medical evidence as presented in the record. Briefly stated, the medical records reveal that Raynes has sought treatment during the covered period for anxiety and other mental disorders, as well as migraines. Raynes exhibited depressive symptoms and

was diagnosed with generalized anxiety disorder, major depressive disorder, and she endorsed symptoms of PTSD. She complained of work-related problems, poor judgment, restlessness, and defiant behavior. She continued to suffer from a host of mental impairments over the course of several years.

After her application was denied initially and on reconsideration, Raynes requested a hearing. On October 4, 2017, both Raynes and an impartial vocational expert ("VE") were present for a hearing. The ALJ gave an unfavorable decision to Raynes on December 20, 2017, finding Raynes was not under a disability. The ALJ's findings were as follows:

> (1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2020.
>
> (2) The claimant has not engaged in substantial gainful activity since December 15, 2015, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> (3) The claimant has the following severe impairments: affective disorder; anxiety disorder; attention-deficit hyperactivity disorder; and borderline personality disorder (20 CFR 404.1520(c)).
>
> (4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526.
>
> (5) After careful consideration of the entire record, I find the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: only simple, routine, and repetitive tasks but not at a production rate pace (e.g., assembly line work); only simple work-related decisions; no more than occasional ability to respond appropriately to co-workers; no work involving team-type duties; no ability to respond appropriately to the public; and the ability to tolerate only few changes in a routine work setting defined as having only occasional, routine changes in the work setting and duties.
>
> (6) The claimant is unable to perform any past relevant work (20 CFR 404.1565).

(7) The claimant was born on October 9, 1956 and was 59 years old, which is defined as an individual of advanced age, on the alleged disability date (20 CFR 404.1563).

(8) The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has trasnferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from December 15, 2015, through the date of this decision (20 CFR 404.1520(g)).

[ECF No. 6-2, pp. 21-34]. Raynes requested a review of this decision. On May 2, 2018, the Appeals Council notified Raynes that it granted her request for review, and on June 19, 2018, the Appeals Council issued its decision. The Appeals Council found that, while it considered the brief submitted by Raynes's counsel, it did not find an adequate basis for a change in decision. However, the Appeals Council modified the residual functional capacity ("RFC") previously determined by the ALJ. On August 22, 2018, Raynes filed this Complaint seeking judicial review of the Commissioner's decision. [ECF No. 1]. Both Raynes and Defendant filed briefs [ECF No. 17; ECF No. 19; ECF No. 20; ECF No. 21], and the Magistrate Judge issued a Report and Recommendation ("R&R") on September 17, 2019, recommending that this matter be reversed and remanded under sentence four of 42 U.S.C. § 405(g) back to the Commissioner for further proceedings. [ECF No. 23]. Defendant filed objections on

October 1, 2019. [ECF No. 25]. Raynes replied to these objections on October 15, 2019. [ECF No. 26].

## **Standard of Review**

**I.     Judicial Review of the Commissioner's Findings**

The federal judiciary has a limited role in the administrative scheme established by the Act, which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

This statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even if the Court disagrees with the Commissioner's decision, the Court must uphold the decision if substantial evidence supports it). This standard of review does not require, however, mechanical acceptance of the Commissioner's findings. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). The Court "must not abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner]'s findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

4

## II. The Court's Review of the Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the Report and Recommendation ("R & R") to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

**Applicable Law**

Under the Act, Plaintiff's eligibility for the sought-after benefits hinges on whether she is under a "disability." 42 U.S.C. § 423(a). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 423(d)(1)(A). The claimant bears the ultimate burden to prove disability. *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985). The claimant may establish a

5

prima facie case of disability based solely upon medical evidence by demonstrating that her impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P of Part 404 of Title 20 of the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(d) & 416.920(d).

If such a showing is not possible, a claimant may also establish a prima facie case of disability by proving she could not perform her customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664, 666-68 (4th Cir. 1975). This approach is premised on the claimant's inability to resolve the question solely on medical considerations, and it is therefore necessary to consider the medical evidence in conjunction with certain vocational factors. 20 C.F.R. §§ 404.1560(a) & § 416.960(a). These factors include the claimant's (1) residual functional capacity, (2) age, (3) education, (4) work experience, and (5) the existence of work "in significant numbers in the national economy" that the individual can perform. *Id.* §§ 404.1560(a), 404.1563, 404.1564, 404.1565, 404.1566, 416.960(a), 416.963, 416.964, 416.965, & 416.966. If an assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform her previous work, it then becomes necessary to determine whether the claimant can perform some other type of work, taking into account remaining vocational factors. *Id.* §§ 404.1560(c)(1) & 416.960(c)(1). Appendix 2 of Subpart P governs the interrelation between these vocational factors.

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting the "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity; (2) whether she has a severe impairment;

6

(3) whether that impairment meets or equals an impairment included in the Listings;[1] (4) whether such impairment prevents claimant from performing past relevant work;[2] and (5) whether the impairment prevents her from doing substantial gainful activity. *See* 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if she can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. *See* 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing her inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5). Once an individual has made a prima facie showing of disability by establishing the inability to return to past relevant work, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a vocational expert demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of

---

[1] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, she will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that her impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish her impairment is disabling at Step 3).

[2] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

7

impairments that prevent the return to past relevant work. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that she is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

## Analysis

Within the R&R, the Magistrate Judge considered several arguments made by Raynes, including: (1) the modified RFC assessment of the Appeals Council was not supported by substantial evidence; (2) the ALJ erred in assigning little evidentiary weight to the opinion of Dr. Modesto, a consultative examiner; (3) the ALJ did not properly assess Raynes's subjective complaints; and (4) The Commissioner did not produce adequate evidence that there was other work in the national economy that Raynes could perform. [ECF No. 23, p. 16]. The Magistrate Judge only considered the first argument regarding whether substantial evidence supported the modified RFC. Based on the arguments provided by Raynes and the Commissioner, the Magistrate Judge determined that it could not find that the Appeals Council's modification to the RFC was supported by substantial evidence. The Commissioner objects to this finding.

When the Appeals Council reviewed the ALJ's decision, the Appeals Council determined that the RFC did not include all of the claimant's limitations and was "incorrectly written." [ECF No. 6-2]. The Appeals Council then modified the RFC, rather than sending the matter back to the ALJ. After modifying the RFC, the Appeals Council determined there was no basis to change the decision of the ALJ. The RFC as written included "no more than occasional ability to respond appropriately to co-workers; no work involving team-type duties; [and] no ability to respond appropriately to the public." The Appeals Council modified this portion of the RFC to instead include the limitation of "occasional

interactions with supervisors; no work involving team-type duties; [and] no ability to respond appropriately to the public." While the Appeals Council added additional an additional limitation, it removed the language regarding interactions with co-workers. Raynes argues that the modified RFC no longer accounts for the limitations she has in interacting with co-workers and is not supported by substantial evidence,. The Commissioner disagrees and argues that the RFC as now written includes all needed limitations. The Magistrate Judge considered the evidence that the ALJ discussed within the decision before ultimately finding that the limitations regarding interactions with supervisors and the public do not adequately account for Raynes's limitations in interacting appropriately with co-workers. Thus, the Magistrate Judge recommends remanding for additional review. In light of that recommendation, the Magistrate Judge did not address the remaining issues argued by Raynes.

The Commissioner objects to this recommendation by the Magistrate Judge. In the objection, the Commissioner argues that the Appeals Council gave specific reasons for modifying the RFC originally provided by the ALJ. Specifically, the Commissioner argues that while the modified RFC no longer contains the language of "no more than occasional ability to respond appropriately to co-workers," it includes other nonexertional limitations which encompass this limitation. Further, the Commissioner argues the Appeals Council's decision was supported by evidence within the record. This Court disagrees.

As aptly expressed by the Commissioner, the Court's role is not to re-weigh conflicting evidence or substitute its judgment for that of the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). However, while the Commissioner urges this Court not to substitute its judgment for that of the ALJ, this Court finds that the rationalization offered by the Appeals Council, and by extension the Commissioner, to support a finding that the

Appeals Council did not err in modifying the ALJ's RFC decision does exactly that. The Appeals Council's decision explained that the RFC did not "include all the limitations" which correspond with Raynes's impairments. The Appeals Council then discussed a hypothetical which was asked of the vocational expert by the ALJ at the hearing. The hypothetical did not include the limitation of "no more than occasional ability to respond appropriately with co-workers." Therefore, it appears that the basis for modifying the RFC provided by the ALJ was to account for the hypothetical actually posed to the vocational expert, rather than the actual RFC determined by the ALJ. In comparing the modified RFC, the Appeals Council excluded the language provided by the ALJ that restricted her interaction with co-workers. While the Commissioner argues that the additional restriction of no work involving "team-type" duties adequately accounts for any restriction with co-workers, the ALJ determined this limitation on Raynes's ability to function was needed, and therefore included it within the RFC. In reviewing the ALJ's decision, it appears the ALJ intentionally included this restriction within the RFC, because he notes medical evidence related to co-worker interaction. Indeed, as pointed out by the Magistrate Judge, the ALJ's decision discusses evidence which would support the inclusion of this limitation. Moreover, the Appeals Council's decision stated that the RFC "did not include all the limitations" to correspond to the claimant's impairments, but then removed one of the limitations. Based on these facts, this Court agrees with the Magistrate Judge that remand is appropriate in this case. As noted by the Magistrate Judge, in light of this Court's acceptance of this recommendation, this Court has not considered the remaining allegations of error. On remand, the ALJ should reconsider and re-evaluate the evidence as part of the reconsideration.

## **Conclusion**

The Court has thoroughly considered the entire record as a whole, including the administrative

10

transcript, the briefs, the Magistrate Judge's R & R, Plaintiff's objections, and the applicable law. For the above reasons, the Court adopts the Magistrate Judge's recommendation [ECF No. 23] to remand this decision and remands this case for further fact finding consistent with this Order. The Commissioner's decision is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and this case is remanded to the Commissioner for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Florence, South Carolina  
December 3, 2019

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge